TENNISON (GARDNER v.). See Case No. 5,238.

---

## Case No. 13,833.

### TENNY et al. v. COLLINS.

[4 N. B. R. 477 (Quarto, 156).] [1]

District Court, E. D. Missouri. 1871.

BANKRUPTCY — MOTION TO SET ASIDE DISCHARGE —SPECIFICATIONS—TESTIMONY OF WIFE.

1. Upon a motion to set aside the discharge granted to a bankrupt, the wife of the bankrupt cannot be required to testify as a witness against her husband.

2. Creditors moving to set aside the discharge, may not prove, at the trial, acts of the bankrupt not set forth in the specifications.

---

[1] [Reprinted by permission.]

[This was a proceeding by Tenny & Gregory against Collins.]

Whittelsey & Mauro, for bankrupt.
Stewart & Torry, for petitioners.

TREAT, District Judge. The bankrupt had been granted a discharge, no debts having been proved against his estate, and no assets coming to the hands of his assignee. A year after the discharge, a petition was filed by two of the creditors to set it aside, alleging that the bankrupt had willfully sworn falsely in his schedules, and in his examination by the assignee, in stating that he had no property, whereas the creditors alleged that he had an equitable estate in some oil lands in Pennsylvania, and owned lands in Texas; and was also interested as a partner in a firm in which his name appeared. At the trial the plaintiffs proved that in 1866 the bankrupt had an interest in some oil lands, with other parties, upon which payments had been made, and that he made the final payment and had the deed executed to his father-in-law; that in 1868, after the discharge, purporting to act as agent, he sold the land and expended part of the money in payment of one of his scheduled debts. The testimony showed that the bankrupt, in 1866, was indebted to his father-in-law, to an amount exceeding the supposed value of the oil lands, and that he caused the lands to be conveyed in payment of this debt, the value being about two thousand dollars, as the bottom had fallen out of the speculation in oil lands in the vicinity of those thus conveyed; and that when the sale was made in 1868, the price obtained was more than double the sum at which they were taken, and that, for this reason, the father gave the son-in-law one thousand dollars of the proceeds of the sale. The Texas lands were purchased for one hundred dollars, and were sold for one hundred and twenty-five dollars, more than six months before the application in bankruptcy, and the money was expended in the support of the bankrupt's family. The plaintiffs also summoned the wife of the bankrupt, who was sworn as a witness, and were proceeding to examine her in relation to the conveyance, in 1866, of land held in her name by herself and husband to her father, in payment of other debts, and as a security for debts upon which he was jointly liable with the bankrupt. Objections were interposed, that while the bankrupt act [of 1867; 14 Stat. 517] provided for the examination of the wife of the bankrupt before the register, for the purpose of ascertaining the condition of his estate, it did not alter the common rule that the wife could not be a witness for or against the husband in a motion to set aside the discharge. The objection was sustained by the court. The court also held that conveyances made by the bankrupt and alleged to be fraudulent, could not be

shown in evidence unless charged in the specifications, except so far as that might be used to show the intent of certain acts specified in the petition. The court, upon the evidence, decided that the specifications were not sustained, and dismissed the motion.